# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY L. HIBBARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civ. Action No. 13-622 |
| PENN-TRAFFORD SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

AND NOW, this 31st day of October, 2014, upon review of the motion filed by Betty L. Hibbard ("plaintiff") to amend her complaint, (ECF No. 26), and her request for alternative dispute resolution mediation, (ECF No. 30), the motion and request are DENIED for the following reasons.

On February 19, 2014, the court granted the motion to dismiss filed by defendant Penn-Trafford School District ("defendant") and dismissed the complaint filed by plaintiff without prejudice. (ECF Nos. 19, 20.) In the memorandum opinion the court discussed in detail the legal standards for deciding a motion to dismiss and the standard of pleading with respect to age, disability, and gender discrimination claims, as well as retaliation claims. (ECF No. 19.) The court permitted plaintiff thirty days to file a motion for leave to file an amended complaint. (Id.)

On February 28, 2014, plaintiff filed a motion to amend the complaint, which consisted of a one-page letter addressed to the court and more than one hundred pages of attachments. (ECF No. 21.) On March 11, 2014, plaintiff filed a motion for judgment, consisting

of an eight-page letter addressed to the court. (ECF No. 22.) On March 17, 2014, defendant filed a response in opposition to plaintiff's motions arguing plaintiff "fail[ed] to show how her complaint, as amended, would state a claim upon which relief can be granted." (ECF No. 23.) On April 8, 2014, the court issued an order denying the motion to amend the complaint and motion for judgment filed by plaintiff. (ECF Nos. 25). The court again allowed plaintiff thirty days to seek leave to amend the complaint. (Id.)

On April 14, 2014, plaintiff filed a motion to amend the complaint and filed her proposed second amended complaint as an attachment on April 25, 2014. (ECF No. 26.) On May 8, 2014, defendant responded in opposition. (ECF No. 27.) On October 21, 2014, plaintiff requested a proposed alternative dispute resolution mediation and case management conference. (ECF No. 30.) In the proposed second amended complaint plaintiff makes general references, among other things, to age discrimination, her medical leave, and sexual harassment. (ECF No. 26.) Plaintiff is directed to review the memorandum opinion dated February 19, 2014 for the standard of review and the requirements for pleading a plausible claim. (Id.)

Plaintiff's second amended complaint indicates that she previously worked, and was qualified for her position, as a teacher with Penn-Trafford School District. (ECF No. 26-2 at 1.) It can be inferred from plaintiff's second amended complaint that she is older than forty years of age and it appears that plaintiff suffered an adverse employment action when the district "threaten to block [her] return to work" to save money by hiring younger personnel. (Id.) However, the facts alleged, combined with any inference that can be drawn by the court, are not sufficient for the court to infer a plausible claim or entitlment to relief.

The court is unsure what specific claim or claims plaintiff is alleging. Contextually, plaintiff alleges that she was discriminated against due to her age; however, the

2

proposed second amended complaint contains disability discrimination and sexually harassment language. See (Id. at 1-2) (plaintiff notes that she was absent from her position because of an "approved medical sabbatical" and upon her return suffered the adverse employment action and later, while discussing an exchange with representative(s) of the defendant, states the phrase "gender bias" and that "[h]arassment is illegal when it creates a hostile or offensive work environment").

The court may grant a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15, which provides: "The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15. Rule 15, however, "does not permit amendment when it would be futile." Futility " 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.' " Kenny v. United States, No. 10-4432, 2012 WL 2945683, at *4 (3d Cir. July 19, 2012) (citing Burtch v. Millberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011)). "The standard for deciding whether claims are futile for the purpose of granting leave to amend a complaint is the same as a motion to dismiss." Market v. PNC Financial Servs. Group. Inc., 828 F. Supp. 2d 756, 771 (E.D. Pa. 2011). "[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave may be denied." See 6 Charles A. Wright, Arthus R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 2010).

As stated above, plaintiff failed for the third time to state a claim. The court has provided plaintiff multiple opportunities to meet the requirements of the Federal Rules of Civil Procedure and providing the plaintiff an additional opportunity would be futile. As such, plaintiff's motion to amend her complaint will be DENIED and the case dismissed with prejudice. (ECF No. 26.) An appropriate order will be entered.

Dated: October 31, 2014

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

cc:
Betty Hibbard
PO 388
Crabtree, PA 15624