IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETTY HIBBARD,                          )
                                        )
                                        )
                                        )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )     **Civil Action No. 13-622**
                                        )
PENN-TRAFFORD SCHOOL DISTRICT,          )
                                        )
        Defendant,                      )
                                        )

**MEMORANDUM OPINION**

**CONTI, Chief District Judge**

On December 4, 2014, plaintiff Betty Hibbard ("plaintiff") filed a motion titled "CIVIL ACTION AD ADDENDUM, November 28, 2014, Request 3." (ECF No. 36.)   The court, having reviewed that motion, concludes the motion is seeking reconsideration of the court's order, dated October 31, 2014, (ECF No. 33), denying plaintiff's motion to amend the complaint, as well as the court's order dated November 12, 2014, (ECF No. 35), denying her request for ADR mediation and an initial case management conference as moot.  For the reasons that follow, plaintiff's motion for reconsideration will be denied.

I. Procedural Background

On May 8, 2013, plaintiff filed a complaint against defendant Penn-Trafford School District ("defendant") alleging that defendant discriminated against her in violation of the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and her Fourteenth Amendment rights. (ECF No. 2.)   On July 29, 2013, defendant filed a motion to dismiss

plaintiff's complaint and a brief in support of its motion to dismiss. (ECF Nos. 8, 9.)  Plaintiff

filed multiple responses in opposition to defendant's motion to dismiss. (ECF Nos. 12, 13, 17.)

On February 19, 2014, the court granted defendant's motion to dismiss without prejudice, for the

detailed reasons set forth in the accompanying memorandum opinion, and granted plaintiff thirty

days to seek leave to amend her complaint. (ECF Nos. 19, 20.)

On February 28, 2014, plaintiff filed a motion seeking leave to file an amended

complaint. (ECF No. 21.)  On March 17, 2014, defendant filed a brief in opposition. (ECF No.

23.)  On April 8, 2014, the court denied plaintiff's motion to amend her complaint and granted

plaintiff an additional thirty days to seek leave to amend her complaint. (ECF No. 25.)  On April

14, 2014, plaintiff filed a second motion for leave to amend her complaint. (ECF No. 26.)  On

May 8, 2014, defendant responded in opposition. (ECF No. 27.)

On May 28, 2014 and October 21, 2014, the court received letters from plaintiff

requesting ADR mediation and an initial case management conference. (ECF Nos. 28, 30.)  On

October 22, 2014, defendant responded in opposition to plaintiff's requests for ADR mediation

and an initial case management conference. (ECF No. 31.)  On October 31, 2014, the court

issued an order, and an accompanying memorandum, denying plaintiff's motion for leave to file

an amended complaint and ordered this case closed. (ECF Nos. 32, 33.)

On November 5, 2014, plaintiff filed another motion requesting ADR mediation

and an initial case management conference. (ECF No. 34.)  On November 12, 2014, the court

denied plaintiff's requests as moot. (ECF No. 35.)  On December 4, 2014, plaintiff filed what the

court concludes to be a motion for reconsideration of the court's October 31, 2014 and

November 12, 2014 orders. (ECF No. 36.)  On December 17, 2014, defendant filed a brief in

opposition. (ECF No. 37.)  Having been fully briefed the issues are ripe for disposition.

II. Standard of Review

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A party seeking reconsideration must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

By reason of the interest in finality at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court already decided. Am. Beverage Corp. v. Diageo N. Am., Inc., No. 12-601, 2013 WL 4010825, at *1 (W.D. Pa. Aug. 6, 2013); Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).  Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, already made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).  Just as motions for reconsideration should not be used to relitigate issues already resolved by the court, they should not be used to advance additional arguments that could have been made by the movant before judgment. Solis v. Makozy, No. 09-1265, 2012 WL 1458232, at *1 (W.D. Pa. Apr. 27, 2012); Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995).

III. Discussion

    A.  Plaintiff's Motion for Reconsideration to File an Amended Complaint

Plaintiff's motion for reconsideration to file an amended complaint must be denied. Plaintiff failed to present an intervening change in the controlling law, new evidence that was not available when the court denied plaintiff's motion, or a clear error of law or fact or manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. Plaintiff attached an exhibit in support of her motion for reconsideration. (ECF No. 36-1.) The court reviewed the exhibit. The exhibit is an identical copy of the proposed amended complaint that plaintiff sought leave to file and which the court denied on October, 31, 2014, because after multiple attempts to amend the complaint the proposed amended complaint still failed to state a claim and the court concluded after three attempts it would be futile for plaintiff to continue to try to amend the complaint. Here, the same proposed amended complaint is sought to be filed and plaintiff did not present the court a basis for reconsideration. Plaintiff's motion for reconsideration to file an amended complaint must be denied.

    B.  Plaintiff's Motion for Reconsideration of her Request for ADR Mediation and an Initial Case Management Conference

Plaintiff's filing also seeks reconsideration of the court's ruling that her requests for ADR mediation and an initial case management conference were moot. (ECF No. 36.) Reconsideration of those requests is not appropriate because the order issued by the court on October 31, 2014, closed this action. (ECF No. 33.) As such, defendant is no longer subject to the court's ADR process or its procedures in this action. Plaintiff's motion, to the extent it seeks reconsideration of the order finding her requests for ADR mediation and an initial case management conference were moot, must be denied.

IV. Conclusion

For the foregoing reasons, plaintiff's motion will be denied. An appropriate order will be filed contemporaneously with this opinion.


Dated:   December 22, 2014                              /s/ *Joy Flowers Conti*
                                                        Joy Flowers Conti
                                                        Chief United States District Judge