IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY HIBBARD, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 13-622 |
| PENN-TRAFFORD SCHOOL DISTRICT, | )<br>)<br>) |
| Defendant, | )<br>) |

# MEMORANDUM OPINION

**CONTI, Chief District Judge.**

On December 23, 2014, plaintiff Betty Hibbard ("plaintiff") filed a document titled "Plea for Compensation." (ECF No. 41.) Although plaintiff's document is difficult to understand, the court identified two matters raised: (1) plaintiff is seeking reconsideration of the court's October 31, 2014 order and (2) plaintiff is alleging a breach of contract claim against defendant Penn-Trafford School District ("defendant"). Defendant responded in opposition and moved for the award of litigation costs associated with replying to plaintiff's Plea for Compensation. (ECF No. 42 at 7.) Defendant contends that the court already dismissed plaintiff's complaint and denied her previous reconsideration motion and argues that it is incurring unnecessary costs as a result of plaintiff's decision to continue to file similar motions on issues the court has already adjudicated. (Id.) As set forth below, this motion is denied; however, the court is notifying plaintiff that, pursuant to 28 U.S.C. § 1651(a), it intends to preclude her from filing claims against district on subjects that the court has already adjudicated. Plaintiff has until March 1, 2015, to show cause why the injunction should not issue. If no

satisfactory response is filed, an injunction will issue precluding plaintiff from filing any further motions in this case unless prior approval of court is granted.

I. Procedural Background

On May 8, 2014, plaintiff filed her complaint against defendant alleging that defendant discriminated against her in violation of the Age Discrimination in Employment Act of 1967, the Americans with Disability Act, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act, as well as violating her Fourteenth Amendment rights. (ECF No. 2.) On July 29, 2013, defendant filed a motion to dismiss plaintiff's complaint and a brief in support of its motion to dismiss. (ECF Nos. 8, 9.) Plaintiff filed multiple responses in opposition to defendant's motion to dismiss, including a motion to deny defendant's motion to dismiss. (ECF Nos. 12, 13, 17.) On February 19, 2014, the court granted defendant's motion to dismiss without prejudice and denied plaintiff's motion to deny defendant's motion to dismiss, (ECF No. 20), for the reasons set forth in an accompanying memorandum opinion. (ECF No. 19.)

On February 28, 2014, plaintiff filed a motion, accompanied by hundreds of pages of exhibits, seeking leave to file an amended complaint. (ECF No. 21.) On March 17, 2014, defendant filed a brief in opposition. (ECF No. 23.) On April 8, 2014, the court denied plaintiff's motion to amend her complaint and provided plaintiff the opportunity to move for leave to file an amended complaint. (ECF No. 25.) Plaintiff was notified she would need to attach a proposed amended complaint as an exhibit to her motion for leave for an amended complaint. (Id.) On April 14, 2014, plaintiff filed a second motion for leave to amend her complaint and attached her proposed amended complaint. (ECF No. 26.) On May 8, 2014, defendant responded in opposition. (ECF No. 27.) On October 31, 2014, the court issued an

order denying plaintiff's motion for leave to file an amended complaint, (ECF No. 33), for the reasons set forth in an accompanying memorandum, (ECF No. 32), and ordered the case closed. On November 5, 2014, plaintiff filed a motion for proposed ADR mediation and resolution, (ECF No. 34), which the court denied as moot. (ECF No. 35.) On December 4, 2014, plaintiff filed a motion for reconsideration of the court's November 12, 2014 order, denying her motion for proposed ADR mediation and resolution as moot. (ECF No. 36.) On December 17, 2014, defendant filed a brief in opposition. (ECF No. 37.) On December 22, 2014, the court denied plaintiff's motion for reconsideration, (ECF No. 40), for the reasons set forth in an accompanying memorandum opinion. (ECF No. 39.) On December 23, 2014, plaintiff filed the document titled "Plea for compensation," (ECF No. 41), and defendant filed its response to plaintiff's plea for compensation on January 9, 2014. (ECF No. 42.) Having been fully briefed this issue is ripe for disposition.

II. Standard of Review

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677; North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

By reason of the interest in finality at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court

already decided. Am. Beverage Corp. v. Diageo N. Am., Inc., No. 12-601, 2013 WL 4010825, at *1 (W.D. Pa. Aug. 6, 2013); Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, already made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Just as motions for reconsideration should not be used to relitigate issues already resolved by the court, they should not be used to advance additional arguments that could have been made by the movant before judgment. Solis v. Makozy, No. 09-1265, 2012 WL 1458232, at *1 (W.D. Pa. Apr. 27, 2012); Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995).

III. Discussion

    A. Plaintiff's Motion for Reconsideration and Breach of Contract Claim

For the reasons stated in its December 22, 2014 memorandum opinion, (ECF No. 39), the court will deny plaintiff's motion for reconsideration because plaintiff failed to present an intervening change in the controlling law, any new evidence that was not available when the court denied the motion, or a need to correct a clear error of law or fact or prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Because there are no remaining federal claims or other basis for federal jurisdiction, the court will decline to exercise jurisdiction over plaintiff's state law breach of contract claim; however, plaintiff is not precluded from filing her claim for breach of contract against defendant in state court. Degenes v. Mueller, No. CIV.A. 11-916, 2012 WL 260038, at *3 (W.D. Pa. Jan. 27, 2012); see Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the

district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

B. <u>Defendant's Motion for Litigation Costs</u>

The court will deny defendant's request for litigation costs; however, the court is notifying plaintiff that, pursuant to 28 U.S.C. § 1651(a), it will preclude her from filing claims against defendant on subjects that the court has adjudicated. As defendant noted, litigation costs may be imposed in cases where "abusive litigation practices" are present. <u>Roadway Exp., Inc. v. Piper</u>, 447 U.S. 752, 765 (1980); <u>see</u> <u>In re Cendant Corp.</u>, 260 F.3d 183, 199 (3d Cir. 2001) ("We have emphatically stated that federal courts retain the inherent power to sanction errant attorneys financially both for contempt and for conduct not rising to the level of contempt."). The court of appeals stated that a court must (1) "ensure that there is an actual factual predicate for flexing its substantial muscle under its inherent powers," (2) "ensure that the sanction is tailored to address the harm identified," and (3) "consider the conduct at issue and explain why the conduct warrants a sanction." <u>In re Cendant Corp.</u>, 260 F.3d at 200; <u>see</u> <u>Warren Distrib. Co. v. InBev USA, LLC</u>, No. CIV. 07-1053, 2010 WL 5251304, at *3 (D. N.J. Dec. 14, 2010). The court, however, must exercise restraint and discretion. <u>Roadway Exp., Inc.</u>, 447 U.S. at 765.

In the discretion of the court, it is not appropriate at this juncture to impose monetary sanctions, but the court is mindful that plaintiff's recent filings do not raise any new issues and merely seek to relitigate matters already decided by this court. In these circumstances an injunction may be appropriate to preclude her from filing repetitive groundless motions.

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages

and principles of law." 28 U.S.C. § 1651(a). "A District Court has broad power under 28 U.S.C. § 1651 to issue an injunction to restrict the filing of meritless pleadings. But such an injunction is an extreme measure that must be narrowly tailored and sparingly used." Robinson v. New Jersey Mercer Cnty. Vicinage-Family Div., 562 F. App'x 145, 148 (3d Cir. 2014). "The broad scope of the District Court's power ... is limited by two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Plaintiff continues to file motions asserting claims that the court has already adjudicated. See (ECF Nos. 34, 36, 41.) Each of plaintiff's filings require the court's time and resources. The Supreme Court stated, " 'every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.' " Day v. Day, 510 U.S. 1, 2 (1993) (citing In re McDonald, 489 U.S. 180, 184 (1989)). " 'The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests.' " Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1995) (citing In re Whitaker, 513 U.S. 1, 2 (1994)).

The court finds that plaintiff's conduct of seeking to relitigate issues already adjudicated is abusive. Gage v. Wells Fargo Bank, N.A., AS, 555 F. App'x 148, 152 (3d Cir. 2014). The court believes this behavior will continue without an injunction limiting her access to the court. Id. Each of plaintiff's filings require the court and defendant, to expend time and resources to respond to and adjudicate. The court should not continue to use its limited resources on issues or claims it has already resolved. See In re of Packer Ave. Assoc., 884 F.2d 745, 746

(3d Cir. 1989) ("This circuit has concluded that district courts may issue an injunction requiring a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated to receive court approval before filing further complaints.").

Plaintiff has until March 1, 2015, to show cause why the proposed injunction should not issue. If plaintiff fails to provide this court with an reasonable explanation, then the court will issue an injunction precluding her ability to file motions and submissions in this case without first obtaining court approval. Robinson, 562 F. App'x at 148; Hickman, 531 F. App'x at 211; Chipps v. U.S. District Court for Middle District of Pa., 882 F.2d 72 (3d Cir. 1989).

IV. Conclusion

For the foregoing reasons, the court will deny plaintiff's motion for reconsideration and defendant's request for litigation costs. Plaintiff has until March 1, 2015, to show cause why the proposed injunction precluding her from filing motions or submissions in this case without first obtaining court approval should not be issued. The injunction shall not preclude her from filing or pursuing any appeal. Failure to show cause shall result in the issuance of the injunction. An appropriate order will follow.

Dated:  January 23, 2015                    /s/ *Joy Flowers Conti*
                                            Joy Flowers Conti
                                            Chief United States District Judge