# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETTY HIBBARD,                )
                              )
      Plaintiff,       )
                              )
      v.               )
                              )   Civil Case No. 13-622
PENN-TRAFFORD SCHOOL DISTRICT,)
                              )
      Defendant.       )

## MEMORANDUM OPINION

CONTI, Chief District Judge.

## I. INTRODUCTION

Pending before the court is the March 2, 2015, Motion for Reconsideration (ECF No. 51) filed *pro se* by Betty Hibbard ("plaintiff"). Plaintiff requests that the court permit her to file a breach of contract claim against Penn-Trafford School District ("defendant"). This court ostensibly exercises subject-matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and over plaintiff's state claim pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction). For the reasons that follow, plaintiff's motion will be DENIED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2015, this court issued a Memorandum Opinion (ECF No. 45) and Order (ECF No. 47), denying the latest in a string of attempts by plaintiff to refile various federal discrimination and state law breach of contract claims against defendant. Specifically, the federal claims were dismissed with prejudice, but the court <u>did</u> <u>not</u> dismiss any state law breach of contract claim with prejudice. Plaintiff was advised that she could file her claim for breach of

contract in state court. (ECF No. 45 at 4.) The court held that plaintiff's pattern of refiling claims and motions for reconsideration without an adequate basis in law constituted abusive conduct and a waste of judicial resources warranting an injunction. (ECF No. 45 at 6 – 7). Plaintiff was given until March 1, 2013, to show cause as to why an injunction precluding further filings and submissions in this case, without preapproval by the court, would be unreasonable. (ECF No. 45 at 6 – 7). What may best be described as a Motion for Reconsideration was filed by plaintiff on March 2, 2015. (ECF No. 51). No response was filed by defendant. The matter is ripe for disposition.

### III. STANDARD OF REVIEW

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [preceding motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The interest in finality at the district court level necessitates that motions for reconsideration be granted only sparingly to discourage relitigating issues already decided by the court. *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 2013 WL 4010825 at *1 (W.D. Pa. Aug. 6, 2013) (citing *Rottmund v. Cont'l Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)).

### IV. DISCUSSION

The issue of timeliness aside, plaintiff's motion does not address the court's inquiry as to the appropriateness of an injunction. Plaintiff's filings demonstrate her concerns about her dire financial situation. This court has held she did not plead any federal claim that could redress her concerns. She is free to pursue any state claims she has in state court. In spite of having her federal case dismissed for a lack of subject-matter jurisdiction (ECF No. 45 at 4), plaintiff simply reiterates earlier claims for breach of contract, and makes general allegations regarding economic losses and other hardships stemming therefrom. (ECF No. 51 at 1 – 2). Filings of this nature are exactly what this court's January 23, 2015, Memorandum Opinion and Order were meant to address. While the court is sensitive to plaintiff's *pro se* status, plaintiff's Motion for Reconsideration is characteristic of a larger pattern of unresponsive, duplicative filings that serve no purpose – however inadvertent – other than to waste this court's resources.

It is now abundantly clear that plaintiff will continue to make such claims absent action by this court.[1] *Gage v. Wells Fargo Bank, N.A., AS*, 555 F.App'x 148, 152 (3d Cir. 2014). The All Writs Act, 28 U.S.C. § 1651(a), enables district courts to restrict access to the federal courts when a litigant repeatedly files frivolous claims. *Banks v. Unknown Named Number of U.S. Postal Inspectors*, 2013 WL 5945786 at *6 (W.D. Pa. Nov. 6, 2013) (citing *Mallon v. Padova*, 806 F.Supp. 1189, 1192 – 93 (E.D. Pa. 1992); *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990)). The Third Circuit Court of Appeals has explicitly endorsed the use of injunctions to require litigants to obtain the approval of the district court before submitting additional filings. *Id.*

---

[1] Indeed, on January 6, 2016, plaintiff filed yet another motion requesting compensation and forgiveness of existing student loan debt – among other expenses – resulting from her discharge at the hands of defendant in contravention of federal and state law. (ECF No. 53). This motion will be denied for the same reasons as plaintiff's March 2, 2015, Motion for Reconsideration. *See*, DISCUSSION, *supra*.

Presently, the record demonstrates that plaintiff received notice of a pending injunction and was provided with an opportunity to respond. (ECF No. 46). Instead, plaintiff once again opted to reargue a state law claim that had already been dismissed without prejudice. She may file that claim in state court if she so chooses. Plaintiff's failure to file an appropriate response to the court's January 23, 2015, Memorandum Opinion and Order illustrates a persistent pattern of abusive conduct, and reinforces the need for an injunction.

## V. CONCLUSION

Based upon the foregoing, plaintiff's Motion for Reconsideration (ECF No. 51) is denied, and Plaintiff's Motion for compensation and forgiveness of student loan (ECF No. 53) is denied. An injunction against further filings by plaintiff in this case will also issue. The injunction shall require that in order to make any additional filings, plaintiff shall attach to her submissions a statement certifying: (1) that the claims presented are new claims never before raised and previously disposed of by this court; (2) that the facts alleged are true; and (3) that plaintiff has no reason to believe that her claims are foreclosed by controlling law. Failure to attach the certification will result in denial of the motion. If it is determined, following notice and an opportunity to be heard on the matter, that the certification is false, plaintiff may be held in contempt of court and may be subject to sanctions and/or punishment.

An appropriate order will be entered.

*s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

Dated: February 19, 2016
cc/ecf: All counsel of record